Opinion by
Willson, J.
§ 462. Replevy bond in distress warrant proceeding; is valid and binding, though the affidavit and bond for distress warrant be invalid. Sexton was Hindman’s landlord, and brought this suit against him to recover rent and advances, obtaining, and causing to be levied upon Hindman’s horse, a distress warrant. Hindman replevied the horse by giving bond as provided in such cases. The distress warrant proceeding was quashed, because the affidavit and bond, therefor were defective. Sexton recovered judgment against Hindman for his debt, but the court refused to render judgment against the sureties upon Hindman’s replevy bond. Held: In the case of a replevy bond given in a sequestration suit, wherein the sequestration bond was invalid, it was held by this court that the replevy bond given in said suit was also invalid, and would not support a judgment against the sureties thereon. [W. & W. Con. Rep. § 787.] It is to be observed, however, that the statutory conditions of a replevy bond in a sequestration suit ai’e essentially different from those of such a bond in a proceeding by distress warrant. In the former case, when the property is personal, the bond is conditioned that the defendant will not remove the property out of the county, etc., and will have the same, with the value of the fruits, revenue, etc., forthcoming to abide the decision of the court, etc. [R. S. art. 4499.] In the latter case, the condition of the bond is that, if the defendant be cast in the action, he shall satisfy the judgment that may be rendered against him, or pay the estimated value of the *406 property, etc. [R. S. art. 3116.] The decision above cited is not, therefore, applicable to the question presented in this case. There the condition of the bond was for the forthcoming of the property, or its value. Here the bond is an absolute, unconditional obligation to satisfy the judgment that may be rendered against the defendant. It is expressly provided that, “ when final judgment shall be rendered against the defendant, such judgment shall be also against him and his sureties on his replevy bond for the amount of the judgment, interest and costs, or for the value of the property replevied and interest, according to the terms of such bond.” [R. S. art. 3117.] Articles 3116 and 3117 are provisions introduced by the revisers. They plainly make the replevy bond in this proceeding an unconditional obligation to pay the judgment, etc., which obligation is no way dependent upon the validity of the distress warrant proceeding. The bond takes the place of the property levied upon, and releases 'that property not only from the levy but from the landlord’s lien. The plaintiff can no longer look to the property for his debt, but must rely upon the bond instead. The judgment is reversed, and here rendered against Hindman and the sureties upon his replevy bond, as it should have been rendered in the court below.
November 26, 1884.
Reversed and rendered.